Electronically Submitted
8/8/2022 9:36 PM
Gregg County District Clerk
By: Porcha Lawson ,deputy

NO. 2022-1247-CCL2 _____

| | | |
|---|---|---|
| **VANITY NOEL AS A/N/F OF J.N.G.** | § | IN THE ~~DISTRICT COURT~~ |
| | § | COUNTY COURT AT LAW 2 |
| *Plaintiff* | § | |
| | § | |
| | § | |
| *vs.* | § | _____ ~~JUDICIAL DISTRICT~~ |
| | § | |
| **LONGVIEW INDEPENDENT SCHOOL** | § | |
| **DISTRICT** | § | |
| | § | **GREGG COUNTY, TEXAS** |
| *Defendant* | § | |
| | § | |

## ORIGINAL PETITION

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Vanity Noel, as next friend to her minor child, J.N.G. (collectively "Plaintiff"), to file this *Original Petition* against the Defendant Longview Independent School District ("Longview ISD" or "District") as follows:

### A.   NATURE OF SUIT

1.   At all times relevant, Plaintiff J.N.G. was an elementary school student attending Longview ISD. While under the supervision of Defendant, Plaintiff J.N.G. was discriminated against. Plaintiff J.N.G. is a nonverbal student with disabilities. Over the course of J.N.G.'s attendance, he was physically abused by the teachers and staff. Plaintiff J.N.G. suffered physical injury, physical distress, and emotional distress from this discriminatory act.

2.   Plaintiff J.N.G. now files this action for relief pursuant to 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. and 29 U.S.C. § 794. 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by

**Original Petition**                                                                 1


True and Correct copy of original
filed in the Gregg County District
Clerk Office.

State and local government entities. 29 U.S.C § 794 extends the prohibition on discrimination to all activities of by State and local governments regardless of whether these entities receive federal financial assistance.

### B. PARTIES

3. Plaintiff J.N.G. is an individual residing in Texas. J.N.G. is a minor, and this matter is being asserted by his mother, Vanity Noel as J.N.G.'s, next friend. Because of the privacy issues involved in this matter, J.N.G. is hereby exercising his right to proceed with this matter anonymously.

4. The need to protect the identity of J.N.G. (being a minor) shall not hinder the defense of this matter, for the facts are well known to the Defendant. When applying the balancing tests to determine the needed protection of the minor *vs.* the small inconvenience to the Defendant, the protection of the minor prevails.

5. At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff J.N.G., J.N.G.'s identity shall be disclosed.

6. Defendant, Longview Independent School District, is a public school district operating in the State of Texas as a political subdivision of the state of Texas, and may be served with process by serving the Superintendent, Dr. James E. Wilcox, at 1301 East Young Street, Longview, TX 75602, under the authority of Texas Civil Practice & Remedies Code section 17.024(c).

### C. JURISDICTION and VENUE

7. The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. and 29 U.S.C. § 794.

Original Petition



True and Correct copy of original filed in the Gregg County District Clerk Office.

8.     Venue is proper in Gregg County, Texas because Defendant's conduct occurred in Gregg County, Texas at the time of the incident.  Venue is also proper in Gregg County, Texas because all of the behavior alleged occurred in Gregg County, Texas.

### D.     FACTUAL ALLEGATIONS

9.     J.N.G. was born on July 14, 2015.

10.    At all times relevant to this action, Plaintiff J.N.G. was a student attending Longview High School ("School"), in the District.

11.    At all times relevant to this action, Plaintiff J.N.G. was a first grader.

*Legal Authority*

12.    The Congress finds that—

(1) Physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination.  42 U.S.C. § 12101.

13.    42 U.S.C. §12131 states:

(1) **Public entity**

The term "public entity" means—

(a)     Any State or local government;

(b)     Any department, agency, special purpose district, or other instrumentality of a State or States or local government; and



(c)     The National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of title 49).

**(2) Qualified individual with a disability**

The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

14.     29 U.S.C. § 794 states:

(a)     Promulgation of rules and regulations

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such



True and Correct copy of original filed in the Gregg County District Clerk Office.

committees.

(b)    **"Program or activity" defined**

For the purposes of this section, the term "program or activity" means of all of the operations of—

(1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government.

(2)(A) a college, university, or other postsecondary institution, or a public system of higher education; or

(B) a local educational agency (as defined section 7801 of title 20(, system of career and technical education, or other school system;

(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) any other entity which established by two or more of the entities



True and Correct copy of original filed in the Gregg County District Clerk Office.

described in paragraph (1), (2), or (3);

Any part of which is extended Federal financial assistance."

### *Harm suffered by Plaintiff J.N.G.*

15.     The discrimination as to Plaintiff J.N.G. was physically, emotionally and mentally harmful to him and he was permanently scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory actions and behavior.

16.     Such physical, emotional and mental harm certainly resulted in Plaintiff J.N.G. not being able to receive and benefit from the educational opportunities offered to the other students at J.N.G.'s School.

17.     Further, such physical, emotional and mental harm continues to prevent Plaintiff J.N.G. from being able to receive and benefit from the educational benefits offered to the other students within Defendant independent school district.

18.     As a direct result of J.N.G. being permanently  scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory behavior and acts, Plaintiff J.N.G.'s emotional and mental health is likely to continue to deteriorate.

### E.   PLAINTIFF'S CAUSES OF ACTION

19.     Plaintiff J.N.G. incorporates by reference the facts set forth in the foregoing ARTICLE D: GENERAL BACKGROUND hereof.

### COUNT ONE: DISCRIMINATION BASED ON DISABILITY

20.     Section 794 of Title 29 of the United States Code provides:

No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving

**Original Petition**                                                                                                          6


True and Correct copy of original filed in the Gregg County District Clerk Office.

Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

21.    Section 12101 and 12131 of Title 42 of the United States Code prohibit discriminatory acts by public entities against persons with disabilities.

22.    Defendant's described acts and omissions as to Plaintiff J.N.G were discriminatory because he was physically and verbally assaulted by Defendant's agents and staff repeatedly because of his physical and mental disabilities.

## COUNT TWO: SECTION 1983

23.    Section 1983 of Title 42 of the United States Code provides, in part:

"Every person who under color of any statute, ordinance, regulation, custom, or usage, of anyState...subjects, or causes to be subjected, and citizen of the United States...to the deprivationof any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

24.    Defendant's described acts and omissions as to Plaintiff A.J.S. were committed under the color of law and resulted in the violation of Plaintiff A.J.S.'s rights under:

(a)    the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of A.J.S's rights;

(d)    the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of A.J.S.'s rights; and

(e)    the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of A.J.S.'s rights.

Hereafter, the foregoing shall be collectively referred to as the "Section 1983 Violations."

Original Petition

True and Correct copy of original filed in the Gregg County District Clerk Office.

25.     Defendant's Section 1983 Violations as to Plaintiff A.J.S. were committed under the color of law and resulted in the violation of Plaintiff A.J.S.'s' procedural and substantive due process rights, and equal protection rights, afforded A.J.S. under the United States Constitution and other federal laws.

26.     Plaintiff A.J.S. has suffered physical, emotional, and psychological harm and damages as a result of the Section 1983 violations set forth herein and committed by Defendant entitling A.J.S. to compensatory damages (actual and consequential) pursuant to Section 1983, for which Plaintiff A.J.S. now sues.

## G.     REQUEST FOR JURY

27.     Plaintiff hereby requests that a jury be empaneled, and, that theforegoing causes of actions and requests for relief be presented thereto.

## H.     PRAYER FOR RELIEF

28.     Wherefore, premises considered, Plaintiff J.N.G. prays that upon final consideration of this matter that Plaintiff J.N.G. have judgment against Defendant for:

a.   Monetary damages;

b.   Reasonable and necessary attorneys' fees;

c.   Taxable  expenses of  litigation and costs of court;and,

d.   Post-judgment interest at the maximum lawful rate.

29.     Plaintiff J.N.G. further prays that Plaintiff J.N.G. receive  suchother and further relief to which he may be justly entitled.


Respectfully submitted,


**Original Petition**                                                                                      8


True and Correct copy of original filed in the Gregg County District Clerk Office.

DUFFEE + EITZEN LLP

/s/George Shake
George H. Shake
4311 Oak Lawn Avenue, Suite 600
Dallas, Texas 75219
Tel: (214) 416-9010
Fax: (214) 416-9005
george@d-elaw.com
Attorney for Plaintiff

**Original Petition**

9

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS COUNTY OF GREGG
I hereby certify that the above. consisting of 9
pages, is a true and correct copy of the original
record on file in the District Clerk's Office of
Gregg County. Texas
This 3 1st day of August , 20 22
TREY HATTAWAY, DISTRICT CLERK
BY: Emily Stautsbury , Deputy